PETER G. SIACHOS
PSIACHOS@GRSM.COM
DIRECT DIAL: (973) 549-2532

Admitted In:  NJ, NY, SC, DC, and PA



ATTORNEYS AT LAW
18 COLUMBIA TURNPIKE, SUITE 220
FLORHAM PARK, NJ 07932
WWW.GRSM.COM

May 4, 2020

**VIA ECF**

Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

      Re:    *Namorato et. al. v. Town Sports International, LLC et. al..*
              Case No.: 1:20-cv-02580-VSB

Dear Judge Broderick:

      This firm represents Defendants Town Sports International, LLC ("TSI LLC") and Town Sports International Holdings, Inc. d/b/a New York Sports Clubs ("NYSC") ("Defendants"). Defendants are related parties who were served with Plaintiff's Amended Complaint at different times, rendering responses to the Amended Complaint due at different times.  Furthermore, the COVID-19 public health crisis has rendered it difficult for the undersigned and Defendants to collect the information and data necessary and to confer regarding potential strategy for responding to the Amended Complaint.  Such information includes the gym files of the individual class representatives.  As such, in accordance with Your Honor's Individual Rule 1.G., **Defendants respectfully request a twenty-one (21) day extension of time, until June 1, 2020, within which to respond to Plaintiffs' Amended Complain**t.  Unfortunately, Plaintiff's counsel refuses to consent to this extension.  Defendants have not made any previous requests for an extension of time to respond to the Amended Complaint.

      According to the Affirmations of Service filed by ECF, Defendant TSI LLC was served on April 20, 2020, rendering its response due May 11, 2020 [Doc. 12] and Defendant NYSC was served on April 14, 2020, rendering its response due on May 5, 2020 [Doc. 13].  Knowing that service of the complaint was coming, Defendants' counsel offered to waive service on April 15, 2020 pursuant to Fed. R. Civ. P. 4, and, alternatively, requested a brief extension of time to respond to the Amended Complaint.  By emails dated April 16, and 17, 2020, Plaintiffs' counsel refused to consent to a brief extension, stating as follows:

> Plaintiffs cannot consent to any extension.  TSI will likely claim that an extension is needed due to the burdens and strains attendant to the current COVID-19 crisis, but TSI has completely disregarded the exigencies the pandemic has created for its 600,000 gym members.  TSI has fraudulently continued to charge gym membership dues when all of its gyms are closed and people are facing real financial hardship, directly in the face of reprimands from the New York, Pennsylvania and D.C. Attorneys' General offices. (internal citation omitted).  Moreover, reports have surfaced that directly after fraudulently charging its members during the closure,

May 4, 2020
Page 2

TSI is going to file for Chapter 11 bankruptcy and attempt to completely discharge the debts created by its fraudulent transfers. (internal citation omitted). Contrary to TSI's request for an extension, this matter requires expedited litigation not a pro forma extension when none is needed.

E-mail chain annexed as **Exhibit A.**

Given Plaintiffs' counsel's refusal to consent to an extension, Defendants have endeavored to file a response to the Amended Complaint by tomorrow, May 5, 2020 so as not to burden the Court with this request. However, that has proved to be impossible given the pandemic closures and unavailability of in-house representatives and outside counsel due to the COVID-19 crisis.

Plaintiffs' counsel's objections to a brief delay in filing a responsive pleading is petty and meritless given the circumstances of the COVID-19 crisis and cannot overcome the minimal "good cause" standard warranting an extension under Fed. R. Civ. P. 6(b)(1). Plaintiffs' counsel's personal vendetta to punish Defendants because they self-servingly believe Defendants engaged in consumer fraud is irrelevant and cannot serve as a basis to overcome the "good cause" standard. Despite plaintiffs' counsel's narrow and self-serving position, the reality is the COVID-19 crisis has greatly impacted all parties involved, and Defendants need additional time to develop the facts and defenses to determine a response to Plaintiffs' Amended Class Action Complaint, which involves numerous causes of action and state laws. Lastly, plaintiffs' counsel fears that Defendants are going to file for Chapter 11 bankruptcy fail to support their contention that "expedited litigation" is required in this case. No legal authority provides plaintiffs a right to an expedited proceeding because of counsel's fear that a defendant may file for bankruptcy. Furthermore, plaintiffs' counsel attempt to use their clients' alleged economic hardships to deny a brief extension based on a disputed single-time gym charge in the average amount of $40 is illusory at best. Assuming *arguendo* Plaintiffs prevail on the merits of their claims (which Defendants vehemently deny), Plaintiffs will not see any economic recovery from this case for at least one year—when hopefully the COVID-19 crisis is over. Unfortunately, as is the reality with most class action litigations like this, the economic recoveries for the consumers will be nominal compared to what the attorneys make.

In sum, plaintiffs' counsel's acrimony towards Defendants is no basis for the Court to deny Defendants a short extension to respond to plaintiffs' Amended Class Action Complaint, especially given these difficult times. Therefore, for good cause shown, Defendants respectfully requests a until June 10, 2020, in which to respond to plaintiffs' Amended Class Action Complaint.

Very truly yours,

GORDON REES SCULLY MANSUKHANI, LLP

PETER G. SIACHOS

cc:   David Gottlieb, Esq. (via. ECF)