# WIGDOR LLP

ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**David E. Gottlieb**
dgottlieb@wigdorlaw.com

November 10, 2021

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J.   11/12/2021

This action shall remain closed at least until Plaintiffs file the notice described herein.

Re:   Namorato, et al. v. Town Sports International, LLC, et al.; No. 20-cv-02580 (VSB)

Dear Judge Broderick,

We represent Plaintiffs and write in response to the Court's order dated November 9, 2021 (Dkt. No. 46), as well as the Court's previous orders dated July 7, 2021 (Dkt. No. 41), September 7, 2021 (Dkt. No. 42) and November 2, 2021 (Dkt. No. 43).   We write to (i) respectfully request an ex post facto extension of the deadline to provide an update to the Court in response to these orders pursuant to Fed. R. Civ. P. 6(b), (ii) respectfully provide the Court with the requested status update, and (iii) request 60 days in which to provide further information and a decision on whether Plaintiffs intend to proceed with the prosecution of this matter or dismiss the action.

Plaintiffs' Requested Extension Under Fed. R. Civ. P. 6(b)

Under Rule 6(b) the Court may extend a deadline to respond to an order even after the deadline has expired where good cause exists.   Under the applicable case law, the analysis of a Rule 6(b) extension request is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission . . . includ[ing] . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."   Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).   We respectfully submit that under the circumstances here an extension would be equitable.

As an initial matter, this is a consumer protection action intended to right egregious alleged wrongs committed by Defendants towards their consumers during the midst of the pandemic.   In fact, Attorneys' General of several states even pursued Defendants based on the same conduct.   In short, these actions were filed with the intention furthering the public good by protecting individuals through class consumer claims.   We respectfully submit that this favors the requested extension on equitable grounds.



We were also extremely diligent in the active portion of the litigation, as is the common litigation practice of our firm.  When the litigation was active, Plaintiff's counsel litigated the matter efficiently and without any delay, and we did not miss any Court deadlines.  We fully briefed a motion to dismiss without delay.  We even sought to advance discovery when a motion to dismiss the action was filed and submitted a joint letter to that end when Defendants refused to engage.  We respectfully submit that this favors the requested extension.

While we should have responded timely to all the Court's orders, we would like to inform the Court that we were not absent.  After Defendants declared bankruptcy and an automatic stay was entered, in December 2020, the Court sought an update from the parties by February 11, 2021.  In advance of that deadline, we affirmatively reached out to Defendants' counsel to confirm that they would provide an update because "your side is best situated to make a representation about the status of the bankruptcy proceeding."  At our urging, Defendants then provided a representation regarding the status.  It was our expectation that Defendants would continue to take the lead and provide this update going forward.  Of course, as Plaintiffs' counsel it was certainly incumbent on us as well.  When the September 2, 2020, deadline for a status update approached, I reached out to Defendants' counsel again and asked, "We need to provide an update to the court per the below order.  As you are familiar with the bankruptcy proceeding, can you please put something together?"  He responded, "Will do – checking on that now."  Given the "will do" representation, I expected counsel to provide an update, but they did not, and the Court extended the date *sua sponte* before anything was submitted.  I regretfully did not provide any update myself on the November 2, 2021 deadline which followed.  When the Court asked for an update by November 5, 2021, I again reached out to Defendants' counsel who advised that they no longer represented Defendants and no longer had an interest in defending the action.  I asked who represented Defendants and did not receive any response to that inquiry.  I should have provided an update or requested an extension by the deadline, as is my practice.  However, we submit that we made some effort to comply and have not been absent from this matter.

Finally, Plaintiffs' counsel has at all points acted in good faith.  Plaintiffs' counsel's failure to earlier provide an update was neither ill-intended nor done to create any advantage for Plaintiffs or prejudice for Defendants.  Defendants cannot point to any prejudice suffered from the extension requested.  We respectfully submit that this too favors the requested equitable extension.

Respectfully, we apologize to the Court for being in his position as it is contrary to our standard operating procedures.  We assure the Court that we will not be in this position again.

Update on the Bankruptcy Proceeding

We have conferred with bankruptcy counsel who assisted with the filing of Proofs of Claims for our clients in that proceeding.  Although the bankruptcy action remains pending, we have been advised that the bankruptcy plan which has been entered allows for certain civil claims to proceed



The Honorable Vernon S. Broderick
November 10, 2021
Page 3

against Defendants (i.e. be exempted from the stay), so long as collection on any potential judgment is pursued only against Defendants' insurance carriers only. As we understand, while there were many claims pending against Defendants at the time of the bankruptcy filing, only a handful of litigations have recently opted to pursue this form of relief, including two cases earlier this week. We note that there a nearly identical class action against Defendants pending before this Court, Radford v. Town Sports International Holdings, Inc., No. 20-cv-02938 (VSB), which was filed soon after this action, has not opted for this relief, nor have several other consumer protection class actions pending before other courts. Nonetheless, we are currently speaking with bankruptcy counsel regarding the prospect of seeking a variance from the stay from the bankruptcy court which could allow this action to proceed. Part of that inquiry will likely be dependent on determining whether Defendants may have insurance coverage which would cover the claims set forth in this action. Accordingly, we respectfully request 60 days to complete our due diligence on this matter and to inform the Court whether we intend to proceed with this action.

Respectfully submitted,

David E. Gottlieb